FILED

10:25 am, 4/1/14

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| RED EAGLE OIL, INC., ) | Case No. 11-20857 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| r² advisors, llc ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 13-2017 |
| ) | |
| SUNCOR ENERGY (U.S.A), INC. ) | |
| ) | |
| Defendant. ) | |

## OPINION ON MOTION TO DISMISS COMPLAINT

On March 6, 2014, the above-captioned matter, filed by the defendant Suncor Energy (U.S.A.), Inc. ("Suncor"), came before the court for a telephonic hearing. The plaintiff, r² advisors, llc ("r² advisors") filed an objection. The parties were represented as stated on the record. At the conclusion of the hearing, the court took the matter under advisement. Having reviewed the record, parties' arguments and applicable law, the court is prepared to rule.

The adversary proceeding relates to a bankruptcy case filed by Red Eagle Oil, Inc. ("Red Eagle") under chapter 11 of the Bankruptcy Code. The adversary complaint seeks to avoid and recover a preferential transfer pursuant to 11 U.S.C. § 547. Suncor moved for the dismissal of the complaint alleging that r² advisors: (1) did not timely serve

Suncor within the 120 days from the date the adversary complaint was filed; (2) that good cause does not exist to allow r² advisors an after-the-fact extension to serve the summons and complaint; and, (3) a permissive extension is not warranted.

Red Eagle filed its voluntary bankruptcy petition on August 1, 2011. Prior to that Red Eagle had several retail convenience stores in Wyoming and Montana and sold fuel on a wholesale basis. Suncor was an authorized supplier of Shell branded fuel and supplied fuel to Red Eagle's convenience stores which was sold to the public. Red Eagle alleged that on May 20, 2011, Red Eagle transferred $1,085,587.31 to Suncor on account of an antecedent debt which constitutes a preferential transfer.

On July 31, 2013, Red Eagle initiated this adversary proceeding by filing the complaint. A summons was issued on that same date. Thereafter, the adversary proceeding stalled. During that time, Red Eagle sold its assets; filed a proposed plan for confirmation; and, administered the case as debtor-in-possession. The court entered an *Order Confirming Joint Chapter 11 Plan of Liquidation Proposed by Debtor and the Official Committee of Unsecured Creditors* on October 10, 2013. Through the plan, r² advisors was appointed as the plan agent "to administer the Estate Assets in accordance with the terms of the Plan."

The court's review of the docket reflects that in response to the court's issuance of a *Notice of Intent to Dismiss* entered on December 10, 2013, r² advisors filed a notice of *Substitution of Plaintiff* on December 31, 2013. An *Alias Summons* was issued on that

same date and served on Suncor. Thereafter, on January 30, 2014, Suncor filed this motion to dismiss the complaint.

**Discussion**

The Federal Rules of Bankruptcy Procedure, incorporating by reference Federal Rule of Civil Procedure[1] in adversary proceedings, states,

> If a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[2]

Service within 120 days

In order for a federal court to exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.[3] The court finds that r² advisers served Suncor 153 days after the adversary complaint was filed. Suncor was not served within the 120 days required by Rule 7004.

Extension of time of service for good cause

The United States Bankruptcy Court for the District of Kansas, stated,

> "The United States Court of Appeals for the Tenth Circuit has construed Fed. R. Civ. P. 4(m) as providing for a mandatory extension of

---

[1] With exceptions that are not applicable in this matter.

[2] Fed. R. Bankr. P. 7004(m).

[3] *Kadleck v. Ferguson (In re Furguson)*, 204 B.R. 202, (Bankr. N.D. Ill., 1997).

time if good cause is shown and permitting a discretionary extension even in the absence of good cause. Courts are directed to proceed as follows: The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service."[4]

The *Johnson* bankruptcy court also stated, "A plaintiff who seeks to rely on good cause must show meticulous effort to comply with the rule. r² advisors argued that as Suncor had filed a claim, it had already submitted to the jurisdiction of this court; that Suncor had actual notice of the filing of the adversary proceeding through the electronic filing and noticing process of the court; and, that Suncor is attempting to dismiss a million dollar preference action which will prejudice the bankruptcy estate's creditors. The court finds that r² advisors did not carry its burden showing a meticulous effort to comply with this rule and serve Suncor within the 120 days or request an extension as the rule provides.

Permissive extension time.

The *Johnson* bankruptcy court stated,

"The factors to consider when evaluating whether to grant a discretionary extension are not authoritatively established. It has been said that such an extension is particularly appropriate where a defendant has not been prejudiced by the delay of service and the statute of limitations might

---

[4] *In re Johnson*, Case No. 09-22874, Adv. No. 09-6165, 2011 Bankr. LEXIS 374 (Bankr. D. Kan. Feb. 7, 2011).

Page 4

bar any refiled action."

Suncor argues that it will be prejudiced if the adversary proceeding is allowed to proceed as parties have since left Suncor. However, the court finds that a permissive extension is appropriate in this case, as the statute of limitations would bar refiling any action if the court dismissed the adversary proceeding without prejudice. Therefore, the court finds there is cause to allow the permissive extension of time to serve Suncor.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 31st day of March, 2014.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
  Thomas Hartl
  Jeffrey Cawdrey